**Affirmed, in Part; Affirmed as Modified, in Part; and Memorandum Opinion filed March 3, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-01025-CV

---

### JOE HENDERSON, Appellant

### V.

### THE CITY OF HOUSTON, Appellee

---

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2010-19546**

---

## MEMORANDUM OPINION

Appellant, Joe Henderson, and another plaintiff, who is not a party to this appeal, filed a petition for judicial review of administrative decisions by appellee, the City of Houston ("the City"), requiring the plaintiffs to vacate and repair or demolish some dilapidated buildings. In one order, the trial court dismissed Henderson's claims for lack of subject matter jurisdiction. In the other two orders, the trial court essentially rejected the merits of the entire petition, ordered that both plaintiffs take nothing on

their claims, and affirmed the Commission's decisions. We affirm the order dismissing Henderson's claims for lack of jurisdiction. Therefore, we conclude the trial court lacked jurisdiction to rule on the merits of Henderson's claims. We modify the remaining two orders to delete references to his claims and affirm as modified.

## I. BACKGROUND

The buildings at issue consisted of a house and its detached garage. During relevant times, Kay Blalock, Henderson's adult daughter, was the owner of the buildings, and Henderson was an occupant. Over the years, the City constantly received complaints from neighbors regarding the condition of the buildings. On numerous occasions, City inspectors observed the buildings were dilapidated, dangerous, and in violation of numerous City codes and the property was littered with rubbish. Henderson refused permission for the inspectors to view the interior of the buildings. The inspectors instructed Henderson to clean the premises and make repairs, but they did not observe any subsequent improvements.

The City sent written notices to Blalock, Henderson, and "Occupant(s)" of a public hearing scheduled for March 3, 2010 before the City's Buildings and Standards Commission ("the Commission"). A transcript reflects that both Henderson and his son (who purported to appear on behalf of Blalock) participated in the hearing. After hearing evidence, the Commission issued written orders, finding the buildings were dangerous and substandard in violation of City codes. The Commission ordered all occupants to vacate the building and ordered the owner or lienholder to repair or demolish the house and demolish the garage within certain timeframes.

Henderson and Blalock filed a petition for judicial review of the Commission orders pursuant to Texas Local Government Code section 54.039 or alternatively section 214.0012. *See* Tex. Local Gov't Code § 54.039 (West, Westlaw through 2013 3d C.S.); *id.* § 214.0012 (West, Westlaw through 2013 3d C.S.). They alleged (1) they

were deprived of due process because they did not receive notice of the Commission hearing or were precluded from participating, (2) the buildings did not violate City codes, and (3) the Commission improperly considered evidence regarding the condition of the buildings because the inspections were illegal.

The City filed a pleading which included (1) a plea to the jurisdiction alleging Henderson lacked standing to seek judicial review, (2) a motion for summary judgment on both plaintiffs' due process claims, and (3) a motion for judgment affirming the Commission's orders as supported by substantial evidence under the applicable standard of judicial review. *See id.* §§ 54.039(f); § 214.0012(f). On October 15, 2013, the trial court signed separate orders, granting all three of the City's requests for relief. Only Henderson filed a notice of appeal; Blalock does not appeal.

## II. ANALYSIS

In his two stated issues, Henderson challenges the order granting the City's plea to the jurisdiction based on lack of standing. However, liberally construing his brief, Henderson also challenges the trial court's two other orders because he advances argument regarding the merits of his petition and the Commission's decisions. Our conclusion that the trial court properly granted the plea to the jurisdiction is dispositive of Henderson's appeal.

### A.    Standard of Review

Standing is a component of subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443, 445–46 (Tex. 1993). Whether a court has subject matter jurisdiction is a question of law that we review *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–28 (Tex. 2004).

We construe the City's plea to the jurisdiction as challenging both Henderson's pleadings and jurisdictional facts because the City asserted that Henderson failed to

plead facts demonstrating standing and the evidence negates standing. When a plea to the jurisdiction challenges the plaintiff's pleadings, the trial court must determine if the plaintiff alleges facts that affirmatively demonstrate the court's jurisdiction. *Id.* at 226. When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court considers relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Id.* at 227. If the evidence creates a fact question regarding the jurisdictional issue, the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id.* at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. Under this standard, we take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Id.*

**B.    Standing Issue**

Henderson filed his petition pursuant to section 54.039 of the Local Government Code, which provides in pertinent part,

> (a) **Any owner, lienholder, or mortgagee of record** jointly or severally aggrieved by any decision of a commission panel may present a petition to a district court, duly verified, setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality.

Tex. Local Gov't Code § 54.039(a) (emphasis added). Henderson alternatively based his petition on section 214.0012 of the Local Government Code, which provides in pertinent part,

> (a) **Any owner, lienholder, or mortgagee of record** of property jointly or severally aggrieved by an order of a municipality issued under Section 214.001 may file in district court a verified petition setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality. The petition must be filed by **an owner, lienholder, or mortgagee** within [setting forth deadlines].

*Id.* § 214.0012(a) (emphasis added); *see also id.* § 214.001(a)(1) (West, Westlaw

4

through 2013 3d C.S.) (authorizing a municipality to, by ordinance, require the vacation, relocation of occupants, securing, repair, removal, or demolition of a building that is dilapidated, substandard, or unfit for human habitation and a hazard to the public health, safety, and welfare). The phrase "of record" modifies all three terms, "owner, lienholder, or mortgagee," in both statutes, according to their plain language and common meaning. *Monroe v. City of San Antonio*, No. 04–09–00795–CV, 2010 WL 3418267, at *2 (Tex. App.—San Antonio Aug. 31, 2010, no pet.) (mem. op.) (construing Tex. Local Gov't Code §§ 54.039(a), 214.0012(a)).

When standing has been statutorily conferred, the party seeking relief must allege and establish standing within the parameters of the language used in the statute. *In the Interest of A.T.*, No. 14–14–00071–CV, 2014 WL 3002427, at *8 (Tex. App.—Houston [14th Dist.] July 1, 2014, no pet.) (mem. op.); *Monroe*, 2010 WL 3418267, at *2. The City suggests section 54.039 would be the applicable statute when a party who does have standing seeks judicial review because the challenged orders were decisions of a commission panel, rather than municipal ordinances. *See* Tex. Local Gov't Code §§ 54.039(a), 214.0012(a). Nonetheless, the City contends Henderson cannot satisfy the identical requisites for standing under either statute because he is not "owner, lienholder, or mortgagee of record." *See id.* §§ 54.039(a), 214.0012(a). We agree.

Henderson did not plead that he was an "owner, lienholder, or mortgagee of record" when he filed his petition for judicial review.[1] Further, to support its plea to the

---

[1] On appeal, Henderson asserts he filed an amended petition and suggests the City's plea to the jurisdiction failed to attack the sufficiency of the jurisdictional allegations in that petition. However, the record does not reflect an amended petition was filed. Specifically, the clerk's record contains only an original petition. An amended petition, if the live pleading, was an item the clerk was required to include in the record. *See* Tex. R. App. P. 34.5(a)(1). Henderson did not request the clerk to supplement the record with any omitted items, as permitted if a requisite item was missing. *See id.* 34.5(c)(1). Further, in its appellate brief, the City refers to the original petition as the live pleading, and Henderson did not file a reply brief disputing that fact. In fact, Henderson refers to incorrect dates for the filing of the original petition and the plea to the jurisdiction, further supporting that he is incorrect about the filing of an amended petition.

5

jurisdiction, the City presented a General Warranty Deed executed in September 2009 transferring the property from two persons who are not involved in this case to Blalock. The City also presented a transcript of the Commission hearing held on March 3, 2010—twenty-three days before Henderson filed his petition for judicial review—at which Henderson testified the property "legally belonged" to his daughter or "whoever she sold it to." Henderson's son represented at the Commission hearing that his sister owned the property, Henderson was an occupant, and the son planned to purchase the property and make repairs. The statutes do not confer standing on an occupant of the property who is not an owner, lienholder, or mortgagee of record. *See id.* §§ 54.039(a), 214.0012(a); *see also Monroe*, 2010 WL 3418267, at *3 (holding occupant of property lacked standing under either statute to challenge City's demolition order because his brother was shown as title owner and plaintiff failed to present any evidence supporting claim that his brother died intestate leaving plaintiff as "heir at law").

In response to the plea to the jurisdiction, Henderson did not present any controverting evidence showing he was an owner, and he made no claim to be a lienholder or mortgagee. The only mention in his response regarding ownership was an assertion that the City cited him for various violations of City codes as though he were an owner. However, that fact did not establish he was an owner.

On appeal, Henderson does not mention the statutes as the grounds for the plea to the jurisdiction, much less argue he satisfied the requisites for standing or cite any evidence he was an owner of record. Instead, the crux of his appellate argument is an attack on the merits of the Commission orders. Additionally, Henderson appears to argue the merits of a takings claim, but he did not plead any such claim.

## C.    Conclusion

In summary, the trial court did not err by determining Henderson lacked standing to seek judicial review of the Commission orders.    Accordingly, we overrule

Henderson's issues relative to that determination and affirm the trial court's order dismissing Henderson's claims for want of jurisdiction.

Despite signing that order, the trial court also granted the City's two remaining motions relative to the merits of both Henderson's and Blalock's claims. Because Henderson lacked standing to seek judicial review, the trial court did not have jurisdiction to rule on the merits of his claims, even though it rejected the claims. Accordingly, we modify the following orders to delete any reference to Henderson's claims: (1) the order granting the City's motion for partial summary judgment on the plaintiffs' due process claims and ruling that they take nothing; and (2) the order granting the City's motion for judgment under substantial-evidence review and affirming the Commission orders. We affirm both of these orders as modified.

/s/    John Donovan
Justice


Panel consists of Justices Boyce, Jamison, and Donovan.

7